Steven Thomas for the Defendant Counterclaim and Appellant Sprint Communications Company. We ask that this Court reverse the District Court decision which creates a new test for attorney-client privilege because that test is inconsistent with Idaho Rule of Evidence 502, which controls, and because it is inconsistent with the Upjohn holding, effectively asking that the communication itself, the e-mail created by Deborah Neal, be produced in part. Counsel, I have an initial concern that maybe you can help me with. Ordinary discovery decisions are not appealable. I mean, you always have tons of discovery problems before you get to trial. This happens to involve an e-mail with a claim of attorney-client privilege. And the e-mail we're looking at, as I understand it, the District Court has redacted it. So now the e-mail in question not only has what the Court said should be redacted relative to attorney-client communications, but now there's some factual things. So now we have an issue that there's a document redacted, taking out allegedly all the attorney-client privilege material, but leaving in factual things, which may or may not be attorney-client, but would be argued before trial as whether they're admissible or not. Now, why isn't this just an ordinary discovery issue that's going to be ironed out during the process before and during trial, which will be easily appealed at the end of the trial? Thank you, Your Honor. You're asking a collateral order doctrine question, and I would point out first the Napster decision and the four other Ninth Circuit decisions cited in Napster, I think. But the decisions that you cite are where people are being compelled to disclose privilege materials. This has already inadvertently been out. And so I think that the cases that you cite for that proposition are distinguishable on the facts. Well, Your Honor, I would say that this has already been out, but the lower court, both the magistrate and the District Court, put it back, holding that the inadvertency was such that the privilege was not waived. That order was never cross-appealed and is not now before this honorable court. So I would suggest to you that it is not distinguishable. It is still an attorney-client privilege issue, which, if not preserved and resolved here today, may be effectively unreviewable at the end of trial. Now, why is it effectively not reviewable at the end of trial? Well, Your Honor, it goes to the Agster decision of this court and the proverbial phrase Which decision? Agster and the proverbial expression that the cat will be out of the bag. If the matter goes through trial, it will be so infected into the entire process that no appellate court can expect it to be able to unscramble that egg. Every discovery and evidentiary issue infects all trials. Every trial is the same. It doesn't matter what the facts are. I'm trying to find out why this one, relative to ineffective assistance and counsel, this redacted document is so different that we should, that there is jurisdiction to hear this appeal. I understood. And I come back to the proposition that every order that was taken up, as far as I can tell, in Napster and the four other Ninth Circuit cases there cited, under the collateral order doctrine, were discovery issues too. Well, okay. Judge Callahan has pointed out that the difference between those is this was voluntarily disclosed and used by the defendants. However, you're trying to say that all of our other cases are going to have to be distinguished, and this case will have to be distinguished from those if we were to go against them because it's all the same stuff. It's just discovery. No matter how you get it. I seem to, yeah, in the incessant reclosure, Your Honor, I think that how else does this come up except through discovery? That's the only vehicle. And that's why the collateral order doctrine is so special and the Napster decision so powerful in favor of my client. In those cases, they hadn't already disclosed what they were ordered to disclose, correct? Well, I'm not sure if that's true for all of them. Here, you let the cat out of the bag. I did. And I asked for a bag. As opposed to, you know, I guess you're asking a Federal court that we're very zealous about our jurisdiction. And if we were to open this Pandora's box, I see the floodgates coming with every, if your discovery issue meets this criteria, I don't see how every other one wouldn't. Well, for one thing, it's about attorney-client privilege. And I would point, for example, the Maricopa County case dealt with the morbidity privilege and accelerated that in the interlocutory appeal. And I would suggest that this privilege is the oldest and most integral part of the Anglo-American common law tradition. And it is important. If it isn't in those cases, the other side doesn't already have it. They're being ordered to reveal something. And so the damage would be that, you know, someone's got to look at it to determine if it is privileged. You let the cat out of the bag. It's already done. There's no bell that can be unrung at this point. And it seems to me that it would be reviewable later. Well, in due respect, Your Honor, if that's the holding of the court, then what we have here is an emasculation of the doctrine of inadvertent production, which is a very real and powerful tool that the courts need to have in this world of electronic discovery. I point out that we have a new Rule 502 coming down very soon, which is almost identical to Idaho Rule of Professional Conduct 4.4. And it says that if you get something that you knew or should have known is privileged, or colorably privileged, you should give notice to the other side promptly. All right. But does it say that then you can go to federal court? No. But the Napster decision does say that if you have attorney-client privilege issues, that you can go up for interlocutory appeal if you meet the three-prong test of Cohen. And we respectfully submit that we do. How about national mortgage, our case? In that case, I just checked, in that case, there was a refusal to produce court-ordered production. The lower court, on appeal, we said, being the documents are already produced, we cannot restore the privilege. And there was a privilege claimed on those documents. So what's the difference in that case and this case? Thank you, Your Honor. I'm looking for my quote. National mortgage is an interesting case, but it is very distinguishable because by the time that got up to the Ninth Circuit, the national mortgage parties had stipulated to give the documents, a conscious decision, stipulating to give the documents over to Bank of America, who wanted them, with the documents would go back. So there were conscious decisions. Some might say gaming the system in a way that is very different from what we have here. The only gaming was on what our decision would be. In this case, you produced the documents and they were used. I'm having a problem with the fact that the fact that they got away from you has anything to do with the fact that it's out of the bag. In other words, somehow we're going to be asked to decide this case on the basis of what's the nature of the disclosure. If the nature of the disclosure is unintentional, then we have a hearing on this is unintentional because, and therefore it's not out of the bag. And then how do you erase what the other side has? The defendants got this, they've already used it, they've already started to prepare their case based upon this. Now that means that in the trial, if we say, no, you can't have these, we're going to have to go back and remanage the trial from this level. Correct. All of which I think weighs in favor of dealing with it now, while it's still a relatively pure issue. I think I could say that on every issue that arises before trial on facts problem and discovery. I mean, again, I'm still going back to the fact why in this case we should be managing how evidence is handled by a district court. I just, and I understand what you're saying. I'll have to review Napster again more carefully, and I'll have to review a national mortgage more carefully. Please do. My seven minutes is up. I think I better sit down. Thank you. Thank you. Good morning. May it please the court, good morning, your honors. Timothy Getzoff on behalf of the plaintiff and appellee, truckstop.net, also known as TSN. This court should dismiss this appeal for lack of jurisdiction, as Sprint has not shown that the issue that it has raised by way of this interlocutory appeal would be effectively unreviewable after a final judgment. But if this court determines that the collateral order doctrine applies and decides to determine this privilege issue on the merits, then this court should affirm the district court order, which held that the unredacted portions of the Neil email, the so-called Neil email, are not privileged because they were factual statements between non-attorneys that do not disclose any attorney-client communication. How do we get to the merits, you say? How do we get past the collateral? I don't think you do, your honor. Frankly, I think this is a fairly easy call. But you're just saying even if we don't agree with you, you still win. Yes. That doesn't help us too much. We can't boot the jurisdiction question. Understood, your honor. And it's not up to me. Frankly, part of me wants you to take up the merits because it would assist us too with guidance towards trial, but it's not our call. See, that's exactly what the problem is. I mean, now we're deciding for you what the I mean, you're arguing right in, almost arguing into your fellow lawyer's argument that we should get in here and start mixing it up on what the district court should be doing. No, your honor. Our first argument is that this court should dismiss this appeal for lack of jurisdiction. I've sort of seen a hotline evidence, you know, evidence hotline for trial judges to call appellate courts. Am I right? I know the appellate court does not want that hotline set up. And we can all sit down there too and watch it as it goes along and raise our hand and, you know, up and down. Again, that might be helpful for the litigants at the time, but that is so contrary to the principles of judicial economy and avoiding piecemeal appeals, which is so strong in this court. Maybe you can best use the time just to respond to Napster and the mortgage case. Right. Yes, your honor. The Napster case, your honor, was correct. Every case cited by Sprint, including the Napster case, was the situation where the alleged privilege document in question had not yet been produced. So the cat was not out of the bag. And Napster held under the three-prong Cooper's and Libren test, Napster essentially held that all three prongs were satisfied because the cat was not out of the bag. In this case, it's the third prong, the effectively unreviewable test, that is not satisfied. And it's not satisfied because the cat is out of the bag. The cat got out of the bag three years ago when this document was produced. The district court's order stating that the non-redacted portions are fair game and not privileged, that was 18 months ago. We now have trial set for next summer. The unredacted, non-privileged portions have been incorporated into this case. The cat is out of the bag. The bell cannot be rung. And this case falls squarely within the holding from the NRA national mortgage, which said, quote, if a party has already disclosed the information, the reason for expedited review no longer exists. Well, counsel argues they walked into it with a stipulation. They stipulated that in the event that the Ninth Circuit held one way against them, they would not use it, and if they held the other way, they would use it. I guess it's a question, though, it was out of the bag no matter what they stipulated to. That's correct, Your Honor. The out of the bag issue is not a question of whether the waiver was inadvertent. It's not a question of whether it was voluntary or whether there was a waiver at all. It's simply a practical consideration applied by the district, applied by the Court of Appeals, which says this. Is there anything that the court, that Your Honors can do now, that you can't also do at the end of trial after a final judgment? And the answer is no. Now, in Napster and all the other cases, the answer was yes. You could overrule the district court and that document would have never been produced and the other side would never get it. In this case, though, the relief that you would grant Sprint if you took this appeal and reversed the district court is the exact same relief that you would grant Sprint after the trial and a final judgment as ordered. By definition, that makes it effectively reviewable at the end of a final judgment. I don't see any authorities for a case where the document has never been released where we would have jurisdiction. Am I wrong in my review? That's the Napster case where the document has never been produced. Yeah, I'm saying, is there any case where the document has been produced? Excuse me. No, no, excellent point. This court would be making new law, and I think as Judge Callahan correctly noted, would be opening the floodgates because the new law would be, essentially, you can ignore the third prong of the Cooper's and Libran test for applying the collateral order doctrine, so long as the district court has conclusively ruled and you can argue that the issue is discreet from the underlying issues of the trial, then you get a free trip to the Ninth Circuit, even if the relief that you'd be asking is the exact same relief that you'd be asking them at the end of trial and a final judgment. In the national mortgage, Sprint's counsel tried to distinguish national mortgage. There is no difference. In national mortgage, the party did not voluntarily or intentionally disclose the document. The party was ordered to do so by the court and complied with the court order over its objection before seeking an appeal. So that's actually a stronger case than the case here where Sprint itself disclosed the document. Now, it claims it was inadvertent, and that's fine. But again, it was as intentional and voluntary as the national mortgage party that also disclosed the document. The inquiry is simply, has the document been disclosed? The inquiry is not why was it disclosed or how was it disclosed? The inquiry is, is the cat out of the bag? We don't really care who opened the bag or why the bag was opened. The fact is that the bag is open, this cat is long gone, and there's nothing this court can do now that it can't also do with every other issue that may be taken up on appeal, in this case, after a final judgment. It seems to me if we did this, considering Napster and whatever, then it seems though the appellate court would be in a position, in a posture that they would have to determine what were the circumstances of the disclosure. And it seems to me that goes again back to the trial court level. We've been making rules on, well, why did they disclose it? How come, why was it inadvertent? Where did it come from? So we would be reviewing almost all discovery instances of someone saying, I didn't mean to do that. Absolutely, your honor. I mean, that's the only difference that I can see in the argument than in our case law. Well, and also they might win at trial, and then they won't be appealing that too. It'd be moot, which is why we don't do piecemeal appeals, because they can be unnecessary. And it wastes this Court's time to micromanage what are essentially discovery rulings by the district court. That's not the system we have in place. The collateral order doctrine, which is the doctrine that Sprint is trying to use as an exception, is a very narrow, limited doctrine. There are only a few cases finding that the doctrine has been applied. Napster is one of them. And not surprisingly, Sprint cites that with enthusiasm. The problem is- I think we have your arguments all in line. Thank you, your honor. Thank you. Anything else? Yes, please. I would point out again, there's no cross appeal on the lower court, both the magistrate and the district court's ruling that this was inadvertently produced and therefore not waived. Two, the position advocated here by the TSN folks is effectively asking this court to emasculate the tool of inadvertent production, which is essential for the courts in light of the massive e-discovery problems that we now all face. I commend you to the Sedona Conference and to Rule 4.4 of the Idaho Rules of Professional Conduct. I urge you not to reward the unscrupulous conduct of Mr. Getzoff's predecessor counsel, who had to withdraw four months for unrelated reason, four months after this incident. They are no longer the counsel. What does that have to do with this case? It has to do with the fact that the only evidence in this record that this document is embedded into their strategy comes through the affidavit or declaration of an attorney no longer part of the team. He said it, but he's no longer there. So I would submit that on this record, there's no showing that it's necessarily embedded into Mr. Getzoff or his colleagues. Finally, I urge you to look at the Upjohn quote and remember the holding of Upjohn was the questionnaires from the Upjohn people in the field up to their general counsel are not producible, but the government may interview and, in fact, has interviewed the authors of those memos. In other words, they can be deposed or interviewed, but the communication itself is privileged. All right, your time has expired, and I think we have both of your arguments well in mind. Thank you both for your arguments. This matter will stand submitted.
judges: Brunetti, Bybee, Callahan